UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUAN MORALES-SANCHEZ,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

Case No. C26-4264-MLP

ORDER

This matter is before the Court on Petitioner's Motion for Temporary Restraining Order ("TRO"). (Dkt. # 8.) The motion is supported by a declaration from Petitioner's counsel. (Dkt. # 9 ("Second Lesmez Decl.").) Having reviewed the motion and the relevant record, the Court PROVISIONALLY GRANTS the motion (dkt. # 8), until the merits of the underlying petition can be decided.

Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington. He filed, through counsel, a 28 U.S.C. § 2241 habeas action, challenging as unconstitutional an October 7, 2026, discretionary bond denial by an immigration judge. (Dkt. # 1.) While the petition was pending on the Court's docket, Respondents filed a Notice of Intent to Remove Petitioner, which indicates ICE "is in

possession of a travel document to [e]ffect [Petitioner's] removal and expects this to occur in [November 2026]." (Dkt. # 7.)

Petitioner, likely in response, filed the instant motion for TRO, seeking to "preserv[e] the status quo pending resolution of his [p]etition[.]" (Dkt. # 8 at 1.) He specifically seeks (1) to prevent his removal from the United States while his habeas petition remains pending; (2) his transfer to a different District while his petition remains pending; (3) to maintain access to counsel. (*Id.* at 9.)

A TRO, like any preliminary injunctive relief, "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To receive a TRO, Petitioner must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Id.* at 20.

The Court may grant an emergency motion to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve . . . jurisdiction over the matter."); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). This is particularly so when the order is necessary to prevent action that would otherwise destroy the court's jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906). "The purpose of such relief is 'merely to preserve the relative positions of the parties' pending further proceedings." *A.A.R.P.*, 605 U.S. at 96 (quoting *Lackey v. Stinnie*, 604 U. S. 192, 200 (2025)).

Here, the Court finds that Petitioner is likely to suffer irreparable harm—possibly in violation of federal regulations—if Respondents effectuate Petitioner's removal while the appeal of his removal order is pending before the Board of Immigration Appeals. Petitioner attended a merits hearing before an immigration judge on September 14, 2026, which led to the immigration judge ordering him removed. Although Petitioner initially "encountered difficulties with the filing and mailing of his appeal" without the assistance of counsel, his attorney now "confirm[s] that Petitioner has correctly re-filed his appeal [of the removal order] with the BIA and it was received." (Dkt. # 8 at 3; Second Lesmez Decl., ¶ 4.) Title 8 C.F.R. § 1003.6(a) provides that an IJ's order of removal "from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal . . . nor shall such decision be executed while an appeal is pending." Respondents' intent to remove Petitioner now that his appeal has been received conflicts with the automatic stay under § 1003.6(a).

Accordingly, the Court ORDERS as follows:

(1) Petitioner's Motion (dkt. # 8) is PROVISIONALLY GRANTED, pending the Court's final ruling on the Motion. This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the Motion.

(2) Respondents may file a response to the Motion by **November 19, 2026**.

(3) Respondents are PROHIBITED from removing Petitioner from either the United States or this jurisdiction, without further order of the Court.

Dated this 18th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge