UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUAN MORALES-SANCHEZ,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

Case No. C26-4264-MLP

ORDER

This is Petitioner Juan Morales-Sanchez' second petition for writ of habeas corpus, filed under 28 U.S.C. § 2241, challenging his immigration detention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. (*See* dkt. # 1). Petitioner is a native and citizen of Mexico who entered the United States on or around December 25, 2015, and has resided here since that time. (*Id.* at 3.) On June 12, 2026, ICE arrested and detained Petitioner, who has been continuously held in ICE custody at the NWIPC since. (*Id.*).

**A. Background**

On September 1, 2026, Petitioner was first granted habeas relief in the form of a bond hearing, as a member of the "Bond Denial Class" certified in *Rodriguez-Vazquez v. Bostock*, No.

3:25-cv-5240-TMC. (Dkt. # 1 at 5; *see Morales-Sanchez v. Mullin, et al.*, No. 2:26-cv-2697-TMC, dkt. # 9 (W.D. Wash. Sept. 1, 2026).) Subsequently, on September 14, 2026, Petitioner was ordered removed, and timely appealed that decision with the Board of Immigration Appeals ("BIA") which remains pending. (Dkt. # 1 at 3.)

On October 7, 2026, Petitioner appeared before an Immigration Judge ("IJ") for his ordered bond hearing. (Dkt. # 1 at 5.) He submitted substantial materials for the hearing and expressly agreed to comply with reasonable conditions of release, including reporting and monitoring requirements. (*Id*. at 5-6; *see* dkt. # 3.) The IJ denied bond without factual findings or explanations using the standard "In Custody Redetermination Order" form and adding "Bond REMAINS AT NO BOND" based on "Flight Risk/Not a Danger" and "Conditional release is DENIED under any conditions set by ICE/DHS." (Dkt. # 1 at 6; dkt. # 2, ¶ 5, Ex. A.) The bond hearing appears to not have been recorded, and to date no digital recording or transcript of the hearing is available. (Dkt. # 1 at 8.)

Petitioner alleges that that the IJ's determination was arbitrary and an abuse of discretion because the hearing and written decision did not provide the individualized, reasoned analysis that due process requires. (*See* dkt. # 1 at 7-8.) Petitioner points to cases in this District where Courts, under similar facts have found "the absence of contemporaneous reasoning prevented meaningful judicial review, rejected speculative or post hoc justifications, and concluded that the deficient determinations constituted abuses of discretion and violated due process." (*Id*. at 8-9 (citing *Gomez Ortiz v. Scott*, No. 2:26-cv-3284-GJL, dkt. 13 at 10–14 (W.D. Wash. Oct. 27, 2026); and *Alberto-Galicia v. Scott*, No. 2:26-cv-3795-GJL, dkt. 12 at 4–6 (W.D. Wash. Oct. 28, 2026)).) Petitioner further alleges the IJ failed to consider positive equities under *Matter of Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006) where nearly every *Guerra* factor favors his release

(dkt. # 1 at 9-11); his continued detention causes ongoing and irreparable harm (*id.* at 14-16); and that exhaustion should be excused where, as other Courts have found, requiring exhaustion would "unnecessarily prolong unconstitutional detention arising from similarly deficient habeas-ordered bond hearings" (*id.* at 16-17). Petitioner asserts his release is the only adequate remedy where a bond hearing "fails to provide the constitutionally adequate custody determination as required by due process." (*Id.* at 19.)

On November 3, 2026, Petitioner filed the instant habeas petition. On November 4, 2026 the Court issued its standing scheduling order directing Respondents to show cause why the writ should not be granted, with a response brief deadline of November 18, 2026. (*See* dkt. # 4.) Respondents filed a Notice of Appearance on November 16, 2026, (dkt. # 6) and filed a Notice of Intent to Remove that same day (dkt. # 7). Petitioner subsequently filed an emergency motion for temporary restraining order (dkt. # 8), which this Court provisionally granted for the sole purpose of maintaining the status quo, allowing Respondents to file a response by November 19, 2026 (*see* dkt. # 10 at 3). Respondents did not file a response to Petitioner's emergency motion for temporary restraining order and did not file a response to Petitioner's petition for writ of habeas corpus. On November 21, 2026, Petitioner filed a "Notice of Respondents' Failure to File a Return and Request for Immediate Ruling." (*See* dkt. # 11.)

**B. U.S. Attorney's Office Letter**

On October 26, 2026, the Court received a letter from the U.S. Attorney's Office for the Western District of Washington ("USAO"). (*See* Ex. 1 hereto.) This letter informed the Court that, going forward, "there will be many habeas cases in which the USAO will no longer assume responsibility for providing a defense on behalf of the respondents." (*Id.*) The letter states that the USAO will screen habeas petitions, but "if the USAO does not file a Notice of Appearance in

a case within seven court days of the issuance of a standard scheduling order, the Court may assume that the USAO will not be filing a response to the Petition." (*Id.*) When the USAO chooses not to appear, the letter states that "the USAO will take no responsibility for facilitating the processing of the case through the District Court nor will it serve as a conduit for communications between the District Court and respondents in the case." (*Id.*) The USAO has instead provided the Court with email addresses through which the Court's orders may be sent directly to Immigration and Customs Enforcement.

**C. Discussion**

This Court agrees with the reasoning of others in this District that the American judicial system is fundamentally adverse and depends on the facts and arguments parties present it. *See Singh v. Blanche, et al.*, No. 2:26-cv-4143-TMC, dkt. 4 at 2 (W.D. Wash. Nov. 7, 2026). Courts do not conduct their own legal and factual investigations and rely on the parties to frame and argue the issues. (*Id.* (citing *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991); *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020)).) The USAO letter is the official position of Respondents, and where Respondents have not filed a responsive brief, the Court construes the factual allegations within the habeas petition as intentionally unopposed.

Respondents were ordered to show cause by November 18, 2026, why Petitioner should not be granted the habeas relief he requests, and were permitted to file an optional response to Petitioner's emergency motion for temporary restraining order by November 19, 2026. (*See* dkt. ## 4, 10.) Respondents filed a notice of appearance in this case yet failed to respond to either. This Court finds on the current record that Petitioner has proven by a preponderance of the evidence that his detention is unlawful and that he is entitled to the following requested relief as

a matter of law. Accordingly, in the absence of a response to the Court's show cause order (*see* dkt. # 4) the Court GRANTS the petition and orders his release from custody.

## I. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1) The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

(2) Petitioner's emergency motion for temporary restraining order is DENIED as moot. (Dkt. # 8.)

(3) Respondents shall release Petitioner **no later than November 26, 2026,** subject to reasonable conditions of supervision.

(4) Respondents shall file a status report no later than **November 30, 2026**, confirming Petitioner's release in compliance with this order.

Dated this 25th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

EXHIBIT 1

USAO Letter

**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

*Please reply to:*
*Charles Neil Floyd*
*Acting United States Attorney*
*Direct Line: (206) 553-4065*

*Seattle Office:*
*700 Stewart Street, Ste 5220*
*Seattle, WA 98101-1271*
*Tel: (206) 553-7970*
*Fax: (206) 553-0582*
*www.usdoj.gov/usao/waw*

*Tacoma Office:*
*1201 Pacific Ave., Ste 700*
*Tacoma, WA 98402-4305*
*Tel: (253) 428-3800*
*Fax: (253) 428-3826*

October 26, 2026

Honorable David S. Estudillo
Chief United States District Judge
United States District Court
Western District of Washington
United States Courthouse
1717 Pacific Avenue, Suite 4410
Tacoma, WA 98402-3200

Re: AUSA Appearances in Immigration Habeas Corpus Cases

Dear Judge Estudillo:

The U.S. Attorney's Office for the Western District of Washington (USAO) represents United States Immigration and Customs Enforcement (ICE), and ICE employees named in their official capacity, in immigration-related habeas corpus cases filed in the Western District of Washington under 28 U.S.C. § 2241.

General Order No. 08-26 was intended to significantly improve and streamline the resolution of immigration-related habeas petitions ("§ 2241 Immigration Petitions") that are being filed in the Western District of Washington. For the most part, the process has increased the expedition and uniformity with which habeas petitions are being resolved to the benefit of petitioners, the government, and the public interest.

Since the General Order was first issued, however, the influx of § 2241 Immigration Petitions has continued to increase. The large volumes of petitions that are being filed, often copying from other petitions, has severely impacted the government's ability to respond to specific petitions that require appreciable attorney time from the USAO to investigate and analyze. It has also negatively impacted the government's ability to respond to other civil litigation filed against the government in the District.

The USAO for the Western District of Washington reviews all these petitions in response to the Court's issuance of a standard scheduling order, and the USAO determines how to respond on behalf of the government, in the interests of justice.

Entering AUSA appearances in each and every such case, however, often initiates protracted litigation and consumes substantial AUSA time, even after the petitioner has been released or received a bond hearing. For example, AUSAs often are required to prepare and file status reports, supplemental briefing, and oppose EAJA motions. More recently, we have all too frequently been required to respond to motions and orders to show cause stemming from what are often technical violations of the scheduling order.

The USAO unfortunately does not have the available resources, at this juncture, to continue entering AUSA appearances in every one of the dozens of § 2241 Immigration Petitions filed each week. Thus, going forward, in order to conserve resources, there will be many habeas cases in which the USAO will no longer assume responsibility for providing a defense on behalf of the respondents. On the other hand, for the time being, the USAO will continue to review Petitions and scheduling orders as they are filed, will transmit the scheduling order to the appropriate persons at ICE, and will enter AUSA appearances and file returns to specific petitions as the USAO determines appropriate. However, henceforth, if the USAO does not file a Notice of Appearance in a case within seven court days of the issuance of a standard scheduling order, the Court may assume that the USAO will not be filing a response to the Petition and the Court may proceed to rule on the merits of the petition based on the papers filed by the petitioner. In this latter group of cases, the USAO will take no responsibility for facilitating the processing of the case through the District Court nor will it serve as a conduit for communications between the District Court and respondents in the case. That said, the USAO reserves the right to enter an appearance in a case on behalf of the government at any time as it deems necessary.

This change is expected to significantly streamline and expedite the resolution of most habeas petitions, providing more discretion to the District Court. To the extent release orders are issued in such cases, they can be e-mailed by the District Court directly to the Northwest ICE Processing Center, pursuant to the process that has already been established.

Please feel free to contact me if you have any questions.

Very truly yours,

CHARLES FLOYD Digitally signed by CHARLES FLOYD
Date: 2026.10.26 15:58:27 -07'00'

CHARLES NEIL FLOYD
Acting United States Attorney
Western District of Washington